UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

EDDIE EARL PHILLIPS                                                      PETITIONER

VERSUS                                          CIVIL ACTION NO. 1:19CV243-LG-RHW

JOE ERRINGTON                                                          RESPONDENT

## PROPOSED FINDINGS OF FACT AND RECOMMENDATION

Eddie Earl Phillips filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his conviction and sentence. Doc. [1]. On December 9, 1998, a jury found Phillips guilty of murder; and the Harrison County Circuit Court sentenced Phillips to serve life without the possibility of parole. Doc. [9-1]. The Mississippi Supreme Court affirmed the judgment of the circuit court. *See Phillips v. State of Mississippi*, 794 So.2d 1034 (Miss. 2001). Phillips filed two applications for post-conviction relief with the trial court. He filed the first application on February 12, 2018. Doc. [9-3]. He filed his second application on July 23, 2018. The Mississippi Supreme Court denied both applications as untimely. Doc. [9-4] [9-5]. Phillips then filed the instant petition on April 17, 2019. Respondent has filed a motion to dismiss arguing that the § 2254 petition is untimely pursuant to the Anti-terrorism and Effective Death Penalty Act's (AEDPA) one-year limitation period. Doc. [9]. Phillips has filed a response asserting that his state court applications for post-conviction relief tolled the one-year limitations period. Doc. [11]. He also contends that appellate counsel's death contributed to the delay in seeking habeas relief.

## LAW AND ANALYSIS

28 U.S.C. § 2244 of the AEDPA provides, in relevant part, that:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of–

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

On December 9, 1998, a jury found Phillips guilty of murder; and the trial court sentenced Phillips to a life sentence.  Phillips filed a direct appeal.  On September 20, 2001, the Mississippi Supreme Court affirmed Phillips' conviction and sentence.  *Phillips v. State of Mississippi*, 794 So.2d 1034 (Miss. 2001).  Phillips did not file a motion for rehearing; therefore, his conviction and sentence became final on October 4, 2001, fourteen days after the Mississippi Supreme Court affirmed the judgment of the trial court.  Miss. R. App. P. 40(a); *Roberts v.* Cockrell, 319 F.3d 690 (5th Cir. 2003).  Absent statutory or equitable tolling, Phillips needed to file his § 2254 petition by October 4, 2002, to be timely under the AEDPA.

Phillips filed his first motion for post-conviction collateral relief on February 12, 2018—more than 16 years after his conviction and sentence became final.  The Mississippi Supreme Court denied Phillips's motion as time barred.  He filed a second application for post-conviction

relief on July 23, 2018; which the Mississippi Supreme Court also dismissed as untimely.

Phillips's untimely state applications for post-conviction relief do not operate to toll the

AEDPA's one-year limitation period.

Phillips filed the instant federal habeas petition on April 17, 2019 (with a signature date

of April 10, 2019), approximately 16 ½ years beyond the October 4, 2002 deadline for filing a

timely §2254 petition.  Phillips does not dispute the timeline presented in Respondent's motion.

Rather, he incorrectly believes that the one-year time limit to file his § 2254 petition should have

run from December 13, 2018; the date on which he fully exhausted his state remedies.  As

explained above, Phillips's state applications for post-conviction relief were not filed within the

one-year period for filing a timely § 2254 petition; therefore, they did not operate to toll the

limitations period.  Accordingly, unless Phillips identifies some exception to the limitation

period, his petition is time-barred and should be dismissed with prejudice.

The Supreme Court has recognized that, in appropriate cases, the limitations period may

be equitably tolled.  *Holland v. Florida*, 130 S.Ct. 2549, 2560-62 (2010).  A petitioner is entitled

to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2)

that some extraordinary circumstance stood in his way and prevented timely filing.  *Id.* at 2562.

Phillips fails to allege or argue any extraordinary circumstance that would justify equitable

tolling.  *See Melancon v. Kaylo*, 259 F.3d 401, 408 (5th Cir. 2001).

Phillips argues that the untimely death of his appellate counsel "distorted" the state

appeal process.  The fact that Phillips proceeded *pro se* after the death of his appellate counsel

does not demonstrate grounds for equitable tolling.  Appellate counsel apparently died while

Phillips's direct appeal was pending.  *See* Doc. [10-5] at 7-8.  According to Phillips, he learned

of counsel's death in 2002.  *Id.* at 7.  Nevertheless, Phillips was aware by at least March 18,

2002, that appellate counsel had died and that his direct appeal had been denied; approximately

6½ months before the expiration of the AEDPA's one-year limitation deadline. *Id.* at 11-14.

Phillips offers no adequate explanation for the long delay between his knowledge that appellate

counsel had died and the filing of his first state application for post-conviction relief. *See*

*McFadden v. Davis*, No. 3:11-cv-85, 2012 WL 333760, at *3 (S.D.Miss. Jan. 10, 2012) (death of

counsel retained to file post-conviction application did not justify equitable tolling); *Marte v.*

*Brown*, No. 09 Civ.1036, 2010 WL 16442771, at *4 (S.D.N.Y. Apr. 10, 2010) (petitioner not

entitled to equitable tolling because he failed to establish causal link between counsel's death in

2005 and the 3½ year delay in filing his federal habeas petition).  Moreover, as the Fifth Circuit

has held, a petitioner's unfamiliarity with the legal process and lack of representation during the

applicable filing period does not merit equitable tolling. *Turner v. Johnson*, 177 F.3d 390, 392

(5th Cir. 1999).

## RECOMMENDATION

Based on the foregoing, the undersigned recommends that Respondent's [9] Motion to

Dismiss be GRANTED and that Eddie Earl Phillips's 28 U.S.C. § 2254 petition for writ of

habeas corpus be dismissed with prejudice.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must

serve and file written objections within fourteen (14) days after being served with a copy unless

the time period is modified by the District Court.  A party filing objections must specifically

identify those findings, conclusions and recommendations to which objections are being made;

the District Court need not consider frivolous, conclusive or general objections.  Such party shall

file the objections with the Clerk of the Court and serve the objections on the District Judge and

on all other parties.  A party's failure to file such objections to the proposed findings, conclusions

and recommendation contained in this report shall bar that party from a de novo determination

by the District Court.  Additionally, a party's failure to file written objections to the proposed

findings, conclusions, and recommendation contained in this report within fourteen (14) days

after being served with a copy shall bar that party, except upon grounds of plain error, from

attacking on appeal the proposed factual findings and legal conclusions that have been accepted

by the district court and for which there is no written objection. *Douglass v. United Services*

*Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

SO ORDERED AND ADJUDGED, this the 21st day of November 2019.


/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE

5